UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHANELL S. WARD,

      Plaintiff,

v.

PMAB, LLC,

      Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and the  Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.     Regarding the TCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Regarding the FDCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.Venue in this District is proper because Plaintiff resides here and because Defendant placed telephone calls into this District.

## PARTIES

3.      Plaintiff, CHANELL S. WARD, is a natural person, and citizen of the State

of Florida, residing in Miami-Dade County, Florida.

4.      Defendant, PMAB, LLC, is a North Carolina limited liability company and

citizen of the State of North Carolina with its principal place of business at Suite 400,

4135 South Stream Boulevard, Charlotte, NC 28217.

5.      Defendant is registered with the Florida Department of State Division

of  Corporations as a foreign limited liability company. Its registered agent for

service of process is CT Corporation System, 1200 South Pine Island Road,

Plantation, FL 33324**.**

6.      Defendant regularly uses the mail and telephone in a business the

principal purpose of which is the collection of debts.

7.      Defendant regularly collects or attempts to collect debts for other

parties.

8.      Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9.      Defendant placed approximately repeated telephone calls to Plaintiff

seeking to collect a debt she does not owe.

10.     Defendant left the following messages on Plaintiff's voice mail on her

cellular telephone on or about the dates stated:

**NOVEMBER 22, 2014 – Pre-recorded message**
Hello, this call is from PMAB, LLC. All calls may be recorded. This
call is regarding a business matter. Please call us at 704-553-7146 or

2

toll free at 1-800-849-0088 Monday through Thursday from 8 AM to 8 PM or Friday and Saturday from 8 AM to 4 PM. This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please respond to the following reference number when calling. Thank you. [Account number redacted].

## DECEMBER 4, 2014 – Pre-recorded message
Hello, this call is from PMAB, LLC. All calls may be recorded. This call is regarding a business matter. Please call us at 704-553-7146 or toll free at 1-800-849-0088 Monday through Thursday from 8 AM to 8 PM or Friday and Saturday from 8 AM to 4 PM. This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please respond to the following reference number when calling. Thank you. [Account number redacted].

## DECEMBER 16, 2014 – Pre-recorded message
Hello, this call is from PMAB, LLC. All calls may be recorded. This call is regarding a business matter. Please call us at 704-553-7146 or toll free at 1-800-849-0088 Monday through Thursday from 8 AM to 8 PM or Friday and Saturday from 8 AM to 4 PM. This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please respond to the following reference number when calling. Thank you. [Account number redacted].

## JANUARY 24, 2015 – Pre-recorded message
Hello, this call is from PMAB, LLC. All calls may be recorded. This call is regarding a business matter. Please call us at 704-553-7146 or toll free at 1-800-849-0088 Monday through Thursday from 8 AM to 8 PM or Friday and Saturday from 8 AM to 4 PM. This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please respond to the following reference number when calling. Thank you. [Account number redacted].

## FEBRUARY 5, 2015 – Pre-recorded message
Hello, this call is from PMAB, LLC. All calls may be recorded. This call is regarding a business matter. Please call us at 704-553-7146 or

toll free at 1-800-849-0088 Monday through Thursday from 8 AM to
8 PM or Friday and Saturday from 8 AM to 4 PM. This
communication is from a debt collector. This is an attempt to collect a
debt. Any information obtained will be used for that purpose. Please
respond to the following reference number when calling. Thank you.
[Account number redacted].

11.     In addition to the foregoing messages, Defendant placed other

telephone calls to Plaintiff.

12.     The messages are silent as to the identity of the intended recipient.

13.     The text of the messages imply that Plaintiff is the intended recipient

of the messages and that Defendant is attempting to collect a debt from Plaintiff.

When viewed through the standard of the least sophisticated consumer, the

messages led Plaintiff to believe she is liable for an alleged debt and needs to

telephone Defendant but must be cautious in doing so since any information

obtained will be used to collect the apparent debt.

14.     The Eleventh Circuit has established the standard by which a debt

collector's communications are analyzed, which is whether the communication

would mislead the "least sophisticated consumer". *Jeter v. Credit Bureau, Inc.,*

760 F.2d 1168, 1172-78  (11th Cir. 1985).

15.     Plaintiff telephoned Defendant and learned that Defendant was

attempting to contact Plaintiff's brother who lives in another state and from whom

Plaintiff has been estranged for a number of years.

16.     Plaintiff is, in fact, not indebted to Defendant or its client nor is she liable for the alleged debt which is the object of the calls Defendant's repeated telephone calls to her cellular telephone.

17.     Defendant's messages mislead Plaintiff into believing she is liable for a debt.

18.     Defendant's failure to identify by name or otherwise specify the person allegedly owing the debt eliminates Plaintiff's ability to determine for whom the call is intended and renders the message devoid of the purpose of the call – the call is not and cannot be an effort to collect a debt from *everyone* who hears it – yet by its text it implies that every person hearing the message owes an alleged debt.

19.     Defendant claims in each of its messages that the messages are regarding "a business matter" when in reality, Plaintiff has no business matters with respect to Defendant and the messages are merely a technique that Defendant uses to extract a return telephone call, from Plaintiff, to obtain information about some other person in order to collect a debt from that other person.

20.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

21.    Plaintiff did not consent to Defendant's automated calls to her cellular telephone.

22.    Plaintiff has never authorized her estranged brother to consent to Defendant's automated calls to her cellular telephone.

23.    Defendant, or others acting on its behalf, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

24.    None of Defendant telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

25.    Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

26.    Plaintiff incorporates Paragraphs 1 through 25.

27.    Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    a declaration that Defendant calls violate the TCPA;

    c.     a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.     Such other or further relief as the Court deems proper.

## COUNT II
## USE OF FALSE REPRESENTATIONS OR DECEPTIVE MEANS TO OBTAIN INFORMATION

28.    Plaintiff incorporates Paragraphs 1 through 25.

29.    Defendant made false representations and used deceptive means to attempt to collect a debt or obtain information concerning a consumer when it falsely implied that Plaintiff was indebted for the purpose of obtaining information about the individual truly indebted to its client, in violation of 15 U.S.C §1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT III
## THREAT TO TAKE ACTION THAT IS NOT INTENDED OR CANNOT LEGALLY BE TAKEN

30.    Plaintiff incorporates Paragraphs 1 through 25.

31.     Defendant stated that it was attempting to collect a debt from Plaintiff,

that was due by some other person, when it did not truly intend collect from

Plaintiff and such action could not legally be taken, in violation of 15 U.S.C

§1692e(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

        a.     Damages;

        b.     Attorney's fees, litigation expenses and costs of suit; and

        c.     Such other or further relief as the Court deems proper.

### COUNT IV
### TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS USING A PRE-RECORDED OR ARTIFICIAL VOICE

32.     Plaintiff incorporates Paragraphs 1 through 25.

33.     Defendant engaged in conduct the natural consequence of which is to

harass, oppress, or abuse by using a pre-recorded or artificial voice in placing

repeated telephone calls to Plaintiff's cellular telephone to which Plaintiff had not

consented seeking a person who was not the subscriber to the cellular service, in

violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

        a.     Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


By: s/ Donald A. Yarbrough
     Donald A. Yarbrough, Esq.
     Florida Bar No. 0158658